416 F.Supp. 997 (1976)
Gloria DAVIS, Plaintiff,
v.
HELLMUTH, OBATA & KASSABAUM, INC., Defendant.
No. 74-728C(1).
United States District Court, E. D. Missouri, E. D.
June 29, 1976.
Arnold T. Phillips, Clayton, Mo., Rita M. Montgomery, Whitfield, Montgomery & Walton, St. Louis, Mo., for plaintiff.
Lawrence J. Fleming, London & Greenberg, St. Louis, Mo. for defendant.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
MEREDITH, Chief Judge.
This cause was tried to the Court. The Court has been duly advised by briefs, testimony, and exhibits.

Findings of Fact
1. Plaintiff Gloria Davis is a thirty-four year old black female, who started as an apprentice with the defendant in the spring of 1973, and in October 1973 was hired as a full-time interior designer.
2. Plaintiff brings her cause of action under 42 U.S.C. 2000e et seq., alleging that she has not been promoted because the defendant discriminates against blacks.
3. Plaintiff was hired after her graduation from Maryville College because of the intercession of a priest and a nun, who was a sister to one of the principals in the firm, at a time when the defendant did not need any additional employees.
4. There is a very small percentage of blacks, approximately five percent, who are interested in schools of architecture and design, and of defendant's approximately 150 employees, eight are black, which is more than five percent.
5. Plaintiff started at a salary of $2,000 more per year than she was earning with her previous employer.
6. The evidence shows that plaintiff is an emotional, antagonistic, demanding, unresponsive individual, and on one occasion was fired because she refused to work on a particular assignment, but was rehired on order of the corporate counsel.
7. Plaintiff had been under the care of a psychiatrist between April 1970 and November 1974. She was absent from her job on twenty-eight days during 1974 as a result of her medical problems.
8. Several former black employees of defendant testified in favor of the plaintiff, but a close examination of their testimony would indicate there was no basis for them to assert that defendant had been racially *998 discriminatory against these former employees.
9. George Kassabaum, one of the principals of the defendant firm, has been president of the American Institute of Architects and has been very active in his efforts to recruit blacks in the profession of architecture and design. The defendant firm has paid additional expenses, trained, and taught blacks in an effort to advance that race in the field of architecture and design.
10. Gyo Obata, a Japanese American, is another principal in the firm, and is very sensitive to racial prejudice because during World War II he was placed in a detention camp because of his Japanese descent.
11. The Court finds no credible evidence in the record to establish any evidence of discrimination as a pattern and practice of defendant firm. There is no evidence to show that the plaintiff has been discriminated against in either the tasks assigned to her or in her failure to receive promotions. As a matter of fact, to the contrary, this Court finds that defendant has been charitable with an employee who is most difficult to work with. Plaintiff has failed to meet her burden of proof.

Conclusions of Law
1. This Court has jurisdiction by virtue of the Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e et seq.
2. There is no credible evidence in this record to sustain plaintiff's charge of discrimination. The cause will be dismissed with prejudice.